# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LOURETHIA RUSH, | * | C.A. No. _____ |
| | * | |
| Plaintiff, | * | DEMAND FOR TRIAL BY JURY |
| | * | |
| v. | * | |
| | * | |
| DIAMOND STATE PORT CORPORATION, | * | |
| | * | |
| | * | |
| Defendant. | * | |

## COMPLAINT

COMES NOW, Lourethia Rush, by and through her undersigned attorney, who brings this Complaint against Defendant Diamond State Port Corporation alleging as follows:

## FACTS

### Parties

1. Plaintiff Lourethia Rush ("Plaintiff") is a Delaware resident who may be contacted for purposes of this litigation through her attorney, Daniel C. Herr, Esquire at 1225 N. King Street, Suite 1000, Wilmington, DE 19801.

2. Defendant Diamond State Port Corporation ("Defendant") is a Delaware corporation formed pursuant to the laws and regulations of Delaware. Defendant's registered agent is Diamond State Port Corporation, located at 1 Hausel Road, Wilmington, DE 19801.

### Jurisdiction and Venue

3. This is a civil action for damages arising under Title VII of the Civil Rights Act of 1964 (hereafter, "Title VII").

4. This Court has jurisdiction over the claims asserted herein as Plaintiff works in Delaware for Defendant, is a resident of Delaware, and Defendant operates in and is incorporated in the State of Delaware.

5. Venue is proper for the same reasons.

### Common Allegations of Fact

6. Plaintiff has worked for Defendant from in or around 1998 to present.

7. At all relevant times, Plaintiff operated a forklift for Defendant.

8. At all relevant times, Plaintiff sought a promotion from a "part-time" position to a "Lift Truck Operator" ("LTO") position with Defendant.

9. In August 2015, Defendant sought to fill five vacant LTO positions.

10. Defendant evaluated 10 candidates to do so.

11. Defendant hired five of the candidates, all of whom male.

12. In October 2015, Defendant sought to fill four vacant LTO positions.

13. Defendant evaluated 10 candidates to do so.

14. Defendant hired four of the candidates, all of whom male.

15. Between September and November 2015, Defendant promoted nine men to LTO positions despite that four women (including Plaintiff) evaluated better than seven of the men promoted.

16. Upon information and belief, one or more of the men did not complete their evaluations.

17. As of December 12, 2016, upon information and belief, all 32 of Defendant's LTO positions were held by men.

18. Upon information and belief, Defendant has not hired a female as an LTO from on or about November 20, 2006 through in or around December 2016 (and potentially thereafter).

19. Plaintiff is a highly competent fork-lift operator and employee, and Defendant has admitted this.

20. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination in violation of Title VII.

21. The EEOC found in favor of Plaintiff, concluding Defendant willfully uses unequal terms and conditions of employment favoring men and to the detriment of women as it relates to LTO positions.

22. The EEOC issued Plaintiff a Right to Sue Notice on or about June 11, 2018, which is attached hereto as an Exhibit.

### COUNT 1:  SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

23. Plaintiff re-alleges and incorporates by reference all allegations and paragraphs in this complaint (except those that are inconsistent with this cause of action, including but not limited pleadings in the alternative), above and below, as though fully set forth herein.

24. As is set forth herein, Defendant engages in a pattern and practice of holding women, including Plaintiff, to unequal terms and conditions of employment as compared with men related to LTO positions.

25. Defendant hires less qualified men for positions more qualified women have sought.

26. As a direct and proximate result, Plaintiff was not promoted to an LTO position.

27. Had Defendant held its male and female employees to equal and fair terms and conditions of employment, Defendant would have promoted Plaintiff to an LTO position.

28. As a direct and proximate result, Plaintiff has suffered economic damages and emotional distress

### Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.  All lawful compensatory and economic damages, in an amount to be determined, against Defendant.

B.  Punitive damages.

C.  Reasonable attorneys' fees.

D.  Pre and post-judgment interest.

E.  Costs.

F.  Such other relief as this Court deems just and equitable.

G.  Trial by Jury.

**LAW OFFICE OF
DANIEL C. HERR LLC**

Date: July 2, 2018

*/s/Daniel C. Herr*
Daniel C. Herr, Esquire, Bar ID 5497
1225 N. King Street, Suite 1000
Wilmington, DE 19801
(302) 483-7060
dherr@dherrlaw.com
*Attorney for Plaintiff*